**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALEJANDRO DIAZ-GUTIERREZ,   :

                Petitioner,   :   Civil Action No. 12-4184 (JBS)

                v.   :   **OPINION**

UNITED STATES OF AMERICA,   :

                Respondents.   :

**APPEARANCES:**

Petitioner pro se
Alejandro Diaz-Gutierrez
#21300-058
FCI Fairton
PO Box 420
Fairton, NJ 08320

**SIMANDLE,** Chief Judge

    Petitioner Alejandro Diaz-Gutierrez, a prisoner currently confined at FCI Fairton, in Fairton, New Jersey, had previously submitted a filing petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but had failed to pay the filing fee or name a proper respondent.  Petitioner has now paid the $5 filing fee and submitted an Amended Petition naming J.T. Shartle, Warden, as a respondent party.  Since the filing fee has been paid, the matter may be re-opened to file the Amended Petition.

Because this Court lacks jurisdiction to consider the petition, and it is not in the interest of justice to transfer, the Court will dismiss the Petition.

## I. BACKGROUND

The following facts are taken from the Amended Petition and relevant court opinions.

Petitioner is presently confined pursuant to a sentence imposed by the United States District Court, Western District of North Carolina. Petitioner did not offer any further information in the Amended Complaint related to his underlying criminal conviction, but a search of the Public Access to Court Electronic Records ("PACER") database shows two previous matters involving Petitioner: United States v. Alejandro Diaz-Gutierrez, WDNC 3:07-cr-0114, in which he was convicted for reentry of a deported alien and sentenced to 71 months of imprisonment and two years of supervised release, and Alejandro Diaz-Gutierrez v. United States, WDNC 3:07-cv-0330, in which his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 was denied and dismissed.

According to facts set forth the court's order in the 2255 motion, Petitioner had appealed his conviction, arguing that the admission into evidence of a warrant of deportation had violated the Confrontation Clause of the Sixth Amendment. The Fourth Circuit affirmed the conviction in an unpublished opinion, noting

that the District Court had not erred in the admission of that evidence.  See United States v. Gutierrez, 354 Fed. App'x 774 (4th Cir. 2009).  Petition for writ of certiorari was denied by the United States Supreme Court.

Petitioner then filed the above referenced 2255 motion within the court of conviction.  The court there denied and dismissed the motion, holding that Petitioner's claims were procedurally barred because he did not raise the issues on direct appeal, and also holding that Petitioner's claims with respect to ineffective assistance of counsel fail because he did not establish either prong of the test set forth in Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).[1]  See Alejandro Diaz-Gutierrez v. United States, WDNC 3:07-cv-0330, docket entry no. 2.  The United States Court of Appeals for the Fourth Circuit denied Petitioner's certificate of appealability.

---

[1] To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Strickland at 694.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

Petitioner then filed his section 2241 habeas petition here, challenging the legality of his conviction.

II.   DISCUSSION

A.   Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

B.   Analysis

Here, Petitioner seeks habeas relief, despite the fact that he has previously filed an unsuccessful challenge to his conviction by a motion under 28 U.S.C. § 2255.  Second or successive motions under § 2255 are not permitted except in the

4

instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive. See 28 U.S.C. § 2255(h). Neither of those conditions exist here.

Petitioner bases his challenges with respect to ineffective assistance of counsel, claims that he made in his prior § 2255 petition. As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S .C. § 2255.

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on

5

other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251–52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion.

Accordingly, since the Dorsainvil exception does not apply here, this Court lacks jurisdiction to entertain this challenge

to Petitioner's conviction, which is essentially a second or successive motion under § 2255.  Petitioner has previously pursued his remedies and his requests have already been denied. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.  Because Petitioner unsuccessfully raised his grounds for relief in a previous 2255 petition, and because Petitioner's certificate of appealability was denied by the United States Court of Appeals for the Fourth Circuit, the Court finds that it is not in the interests of justice to transfer this action.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

       **s/ Jerome B. Simandle**
       Jerome B. Simandle
       Chief Judge
       United States District Court

Dated: **December 19, 2012**